## JOEL L. ANKRIM *vs.* SAMUEL D. WOODWORTH.

Where the transactions stated in the bill by which certain notes were obtained, presented a case of fraud, although, from the case made, it was doubtful whether the complainant could defend successfully the full amount of the notes, and a general demurrer was interposed; the court refused to sustain the demurrer, and required the defendant to answer.

In cases of fraud where it is doubtful whether the defence would be good at law, the Court of Chancery will retain jurisdiction.

Bill to annul and set aside a contract and to compel certain notes to be delivered up and cancelled. States that in February, 1839, complainant entered into an agreement with defendant to purchase certain lands which the defendant represented as belonging to him, as being good lands situated near a mill with some thirty acres cleared or improved land. That in the spring of 1840 complainant executed to defendant three several promissory notes for fifty dollars each, payable in six, twelve, and eighteen months, in consideration that defendant would cancel and destroy the agreement to purchase; that soon after he had executed the notes he ascertained for the first time that defendant had no title to a part of the lands contracted to be conveyed, that there was no clearing or improvement as represented, and that the lands were entirely different from what they were represented to be, and that there was no other consideration for the notes except as above stated.

To this bill the defendant demurred.

A. DAVIDSON, in support of the demurrer.

J. S. ABBOTT, contra.

THE CHANCELLOR.—The princip grou nd relied upon in support of the demurrer is that the facts stated in the bill would constitute a good defence at law.

The transactions stated in the bill by which the notes were obtained, present a case of fraud, and for the purpose of this argument are admitted by the demurrer. It may perhaps be doubtful whether the complainant could defend successfully for the full amount of the notes·

In the case of *Hamilton* vs. *Cummings*, 1 *John's Ch. Rep.* 523, the

rule is stated to be, that in cases of fraud where it is doubtful whether the defence would be good at law, the Court of Chancery will retain jurisdiction. And a *still* stronger case is cited from *Peere Williams*, where the Lord Chancellor cancelled a bond without sending the parties to law, although he was inclined to think the bond void at law as well as in equity.

There is another reason for retaining jurisdiction in this case, as the complainant is liable to be harassed with a series of suits upon these notes, confessedly fraudulent under the case made by the bill, and this too perhaps after the witnesses may be beyond his reach.

Demurrer overruled with leave to answer.